UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| REUBEN STEWART, | ) |
| Movant, | ) |
| v. | ) No. 4:19-cv-03189-CDP |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on movant Reuben Stewart's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (Docket No. 1). The motion appears to be time-barred. Therefore, for the reasons discussed below, the Court will order movant to show cause why the motion should not be summarily dismissed.

### Background

On July 14, 2016, movant pled guilty to three counts: felon in possession of a firearm; possession of heroin; and possession of cocaine base. *United States v. Stewart*, No. 4:16-cr-125-CDP-1 (E.D. Mo.). On December 15, 2016, he was sentenced to a total term of 180 months' imprisonment. Thereafter, movant filed a direct appeal. The United States Court of Appeals for the Eighth Circuit affirmed the Court's judgment on February 21, 2018. *United States v. Stewart*, 711 Fed. Appx. 810, 812 (8th Cir. 2018). Movant subsequently filed a petition for writ of certiorari in the United States Supreme Court. The petition was denied on October 29, 2018. *Stewart v.*

*United States*, 139 S.Ct. 415 (2018). Movant filed the instant motion on November 27, 2019, by placing it in his prison's mailing system.[1] (Docket No. 1 at 12).

In his motion, movant states two grounds for relief. First, he asserts that his counsel was ineffective for advising him to enter a guilty plea. (Docket No. 1 at 4). Second, he states that he is actually innocent of Count I, being a felon in possession of a firearm, after the decision in *Rehaif v. United States*, 139 S.Ct. 2191 (2019). (Docket No. 1 at 5).

## Discussion

Movant is a pro se litigant currently incarcerated at the Oxford Federal Correctional Institution in Oxford, Wisconsin. He brings this motion pursuant to 28 U.S.C. § 2255. For the reasons discussed below, the motion appears to be untimely, and movant will be directed to show cause why it should not be denied and dismissed.

**A. Timeliness**

Motions brought pursuant to 28 U.S.C. § 2255 are subject to a one-year limitations period. *Peden v. United States*, 914 F.3d 1151, 1152 (8th Cir. 2019). The limitations period runs from the latest of four dates:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[1] Under the prison mailbox rule, a 28 U.S.C. § 2255 motion is deemed timely filed when an inmate deposits it in the prison mail system prior to the expiration of the filing deadline. *See Moore v. United States*, 173 F.3d 1131, 1135 (8th Cir. 1999).

> (4) the date on which the facts supporting the claim or claims presented
> could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). In practice, however, the one-year statute of limitations "usually means that a prisoner must file a motion within one year of the date on which the judgment of conviction becomes final." *Mora-Higuera v. United States*, 914 F.3d 1152, 1154 (8th Cir. 2019). When a movant has filed a petition for writ of certiorari, the denial of such petition by the United States Supreme Court fixes the point of finality for his or her conviction. *See United States v. McIntosh*, 332 F.3d 550, 550 (8th Cir. 2003) (explaining that movant's "conviction became final upon completion of direct review when the Supreme Court denied certiorari…and he had one year from that date to file his section 2255 motion"); and *Sweet v. Delo*, 125 F.3d 1144, 1155 (8th Cir. 1997) (explaining that the United States Supreme Court's denial of movant's "petition for certiorari…fixes the point of finality").

Here, movant's petition for writ of certiorari was denied on October 29, 2018. That was the date his judgment became final and his one-year statute of limitations period began to run. The limitations period expired on October 29, 2019. Movant did not file his § 2255 motion with the Court until November 27, 2019, twenty-nine days later. It therefore appears that movant's motion is untimely.

**B. Order to Show Cause**

As discussed above, it appears that movant's § 2255 motion is untimely. Under § 2255(f)(1), movant's one-year limitations period expired on October 29, 2019, twenty-nine days before he filed the instant motion. Before dismissing a case for untimeliness, however, a court must accord the movant fair notice and an opportunity to present his position. *See Day v.*

*McDonough*, 547 U.S. 198, 210 (2006). Therefore, movant will be directed to show cause why his § 2255 motion should not be dismissed as time-barred. Movant will be given **thirty (30) days** from the date of this order in which to submit a written response. In his motion, movant mentioned the potential applicability of *Rehaif v. United States*, 139 S.Ct. 2191 (2019). If he believes that *Rehaif* makes the one-year period in § 2255(f)(3) applicable to him, he should present that argument in his response. Failure to respond will result in the dismissal of this motion without further proceedings.

Accordingly,

**IT IS HEREBY ORDERED** that movant shall show cause, in writing and no later than **thirty (30) days** from the date of this order, why the instant § 2255 motion should not be dismissed as time-barred.

**IT IS FURTHER ORDERED** that if movant fails to comply with this order, his § 2255 motion will be dismissed without further proceedings.

Dated this 9th day of December, 2019.

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE