UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| REUBEN STEWART, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 4:19 CV 3189 CDP |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

# **MEMORANDUM AND ORDER**

This case is before me on Reuben Stewart's motion to vacate, set aside, or correct sentence brought pursuant to 28 U.S.C. § 2255.

Defendant Reuben Stewart was convicted in 2016 of being a felon in possession of a firearm in violation on of 18 U.S.C. § 922(g)(1) and was sentenced under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(1). Case Number 4: 16 CR 125 CDP. He was also convicted of two misdemeanor drug counts for possession of heroin and cocaine in violation of 21 U.S.C. § 844(a). On September 27, 2016, I sentenced Stewart to 180 months imprisonment and three years of supervised release for the gun charge plus two concurrent one-year terms on the misdemeanor possession charges.

Stewart qualified as an armed career criminal under the ACCA based upon

my determination that he had three prior qualifying felony offenses.[1] He appealed my decision that his prior Florida conviction for aggravated assault qualified as a violent felony under ACCA. The Eighth Circuit Court of Appeals affirmed Stewart's conviction and sentence, concluding that a conviction in Florida for aggravated assault can constitute a violent felony under ACCA because the statute encompasses reckless behavior. The United States Supreme Court denied Stewart's petition for writ of certiorari on October 29, 2018. ECF 66 in Case Number 4: 16 CR 125 CDP.

In *Borden v. United States*, 141 S. Ct. 1817 (2021), the United States Supreme Court held that crimes satisfied by reckless conduct do not meet the "element of force" definition for predicate violent felonies under ACCA. *Id.* at 1821-22. For this reason, Stewart's prior conviction for aggravated assault no longer counts as a violent felony under ACCA and Stewart would not qualify as an armed career criminal if sentenced today. In recognition of this factor, in combination with other factors, I granted Stewart a reduction in sentence and reduced his sentence to 120 months imprisonment on June 28, 2021. ECF 92 in Case Number 4: 16 CR 125 CDP.[2]

---

[1] ACCA mandates a 15-year minimum sentence for persons found guilty of illegally possessing a firearm who have three or more prior convictions for a violent felony.

[2] This decision was not appealed. After I reduced Stewart's sentence, the Eighth Circuit decided *United States v. Crandall*, 25 F.4th 582, 586 (8th Cir. 2022), which held that non-retroactive changes in a sentencing law cannot constitute an extraordinary and compelling circumstance

Now Stewart seeks to vacate his conviction in its entirety under 28 U.S.C. § 2255, in light of the United States Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019). In *Rehaif,* the Supreme Court held that "[i]n a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Id.* at 2200. Stewart argues that he is "actually innocent" of being a felon in possession because, under *Rehaif*, he never admitted he knew of his status as a felon. He also argues that his attorney was ineffective for advising him to plead guilty despite the fact that he was never charged with knowledge of his prohibited status as required under *Rehaif*.

Stewart's motion will be denied without an evidentiary hearing because the records conclusively demonstrate that Stewart was a 10-time felon who had already served four years in prison at the time of his underlying offenses, making any argument that he was somehow unaware of his status as a convicted felon patently implausible.

**LEGAL STANDARD**

A motion to vacate, set aside, or correct a sentence requires the movant to

---

warranting compassionate release. *See also United States v. Taylor*, 28 4th 929 (8th Cir. 2022) (same). Thus, Stewart received the benefit of a 60-month sentence reduction that he would not be entitled to if I considered his request today.

3

show that his "sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).  Federal habeas relief is limited to rectifying "jurisdictional errors, constitutional errors, and errors of law." *Raymond v. United States*, 933 F.3d 988, 991 (8th Cir. 2019). Errors of law, moreover, only constitute grounds for relief under § 2255 when such error "constitute[s] a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (internal quotation omitted).  Movant bears the burden to prove he is entitled to relief.  *Golinveaux v. United States*, 915 F.3d 564, 567 (8th Cir. 2019).

Generally, "the voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review."  *Bousley v. United States*, 523 U.S. 614, 621 (1998).  There are two exceptions to this rule. "In order to obtain collateral review on a procedurally defaulted claim, a habeas petitioner must show either that there was cause for his procedural default and actual prejudice, or that he is actually innocent of the crime for which he was convicted."  *Jennings v. United States*, 696 F.3d 759, 764 (8th Cir. 2012).

An evidentiary hearing is required "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28

4

U.S.C. § 2255(b). "Accordingly, a claim may be dismissed without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994).

## ANALYSIS

Stewart's *Rehaif* claim is procedurally defaulted as it was not first raised on direct review, and he has made no showing of cause and actual prejudice needed to excuse the procedural default. Nor does his claim of "actual innocence" avoid the procedural bar in this case because "actual innocence means factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623 (cleaned up). Actual innocence claims require a movant to "support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Weeks v. Bowersox*, 119 F.3d 1342, 1351 (8th Cir. 1997) (cleaned up). "This is a strict standard; generally, a petitioner cannot show actual innocence where the evidence is sufficient to support a conviction." *Johnson v. United States*, 278 F.3d 839, 844 (8th Cir. 2002) (cleaned up). "Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful." *Weeks*, 119 F.3d at 1351 (cleaned up).

Stewart does not suggest he was actually unaware of his status as a

5

convicted felon at the time he possessed the firearms, nor could he credibly do so given that: (1) he admitted under oath that he "had previously been convicted of at least one felony crime . . . punishable by imprisonment for a term of more than one year" (ECF 28 at 3 in Case Number 4: 16 CR 125 CDP); (2) the uncontested criminal-history section of his Presentence Investigation Report lists 10 prior felony convictions, including multiple sentences exceeding one year (ECF 42 in Case Number 4: 16 CR 125 CDP); and, (3) at the time he committed the underlying offenses he had already served more than four years in prison, including 14 months on a 17.7 month sentence in prison for drug, assault, battery, and criminal mischief crimes,[3] followed by another 14 months in prison on an 18-month sentence for drug and drug-related crimes,[4] and 19 months in prison on a 28-month sentence for driving while license revoked-habitual offender.[5]  At the time he committed the underlying offenses, Stewart was also serving a suspended three-year sentence and on state supervision for drug crimes committed in

---

[3] Case Numbers 00-1294-CF, 00-1074-CF, and 01-1432-CF from the Circuit Court of Martin County, Florida. ECF 42 at 10-12 in Case Number 4: 16 CR 125 CDP.

[4] Case Number 04-15488-CF from the Circuit Court of Martin County, Florida.  ECF 42 at 15 in Case Number 4: 16 CR 125 CDP.

[5] Case Number 06-1702-CF from the Circuit Court of Martin County, Florida.  ECF 42 at 16 in Case Number 4: 16 CR 125 CDP.

6

Missouri.⁶

In light of these facts, Stewart's claim that he is actually innocent of being a felon in possession of a firearm in violation on of 18 U.S.C. § 922(g)(1) fails as there is "no doubt" that Stewart, after serving three stretches of more than a year in prison for 10 felonies, was aware of his status as a person convicted of an offense punishable by more than a year in prison. *See, e.g., United States v. Owens*, 966 F.3d 700, 707 (8th Cir. 2020) ("There would have been no doubt that Owens, after serving twenty-two years in prison for murder and other felonies, was aware of his status as a person convicted of an offense punishable by more than a year in prison"); *United States v. Welch*, 951 F.3d 901, 907 (8th Cir. 2020) ("Welch has received and served several prison sentences longer than one year for felony convictions. It is not reasonably probable that, if the government had to prove Welch's knowledge of a previous conviction of [a felony] he would have been acquitted") (cleaned up); *United States v. Hollingshed*, 940 F.3d 410, 415-16 (8th Cir. 2019) (concluding that defendant knew he was a convicted felon at the time he unlawfully possessed a firearm not only because he stipulated at trial that he had previously been convicted of a crime, but also because he previously served four years in prison for a drug offense, in addition to a subsequent 15 month sentence

---

⁶ Case Number 1422-CR03250 from the Circuit Court of St. Louis, Missouri. ECF 42 at 19 in Case Number 4: 16 CR 125 CDP.

after his supervised release was revoked). As the Supreme Court recently observed when rejecting a *Rehaif* claim made on direct appeal, "Convicted felons typically know they're convicted felons." *Greer v. United States*, 141 S. Ct. 2090, 2098 (2021) (cleaned up).[7]

As Stewart has presented no evidence that he was unaware of his status as a convicted felon at the time he possessed the firearms, and the overwhelming evidence of record in this case would make any such assertion patently implausible, Stewart is not entitled to relief on his *Rehaif* claim as procedurally defaulted and meritless. Ground 1 of Stewart's § 2255 motion is denied.

The same facts also foreclose Stewart's claim that his attorney rendered ineffective assistance for advising him to plead guilty despite the fact that he was never charged with knowledge of his prohibited status as required under *Rehaif*. A criminal defendant is constitutionally entitled to effective assistance of counsel. *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). To prove ineffective assistance, Stewart

---

[7] Stewart insisted that the Supreme Court's decision in *Greer* would support his claims for relief and requested the Court hold his § 2255 motion in abeyance pending the issuance of the decision. ECF 15. However, *Greer* does not support Stewart's claims in this case, as it merely holds that on direct appeal a "*Rehaif* error is not a basis for plain-error review unless the defendant first makes a sufficient argument or representation on appeal that he would have presented evidence at trial that he did not in fact know he was a felon." *Greer*, 141 S. Ct. at 2100. If anything, the Supreme Court's recognition that "[c]onvicted felons typically know they're convicted felons" squarely contradicts Stewart's claims. *Id.* at 2098 (cleaned up). Simply put, *Greer* is not applicable to Stewart's claims and if anything demonstrates that Stewart has no plausible claim for relief under *Rehaif*. As the Supreme Court has now issued its opinion, Stewart's motion to hold his § 2255 motion in abeyance will be denied as moot.

must show that counsel's performance was objectively unreasonable and that he was prejudiced as a result. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). It is Stewart's "burden to overcome the strong presumption that counsel's actions constituted objectively reasonable strategy under the circumstances." *Becht v. United States*, 403 F.3d 541, 545 (8th Cir. 2005) (cleaned up). To show prejudice, Stewart must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 546 (cleaned up). "It is not sufficient for a defendant to show that the error had some conceivable effect on the result of the proceeding because not every error that influences a proceeding undermines the reliability of the outcome of the proceeding." *Odem v. Hopkins*, 382 F.3d 846, 851 (8th Cir. 2004) (cleaned up).

To the extent Stewart argues that trial counsel was ineffective in 2016 for failing to anticipate that the *Rehaif* opinion would be issued in 2019, "failing to anticipate a change in the law . . . does not constitute ineffective assistance." *See Parker v. Bowersox*, 188 F.3d 923, 929 (8th Cir. 1999); *Toledo v. United States*, 581 F.3d 678, 681 (8th Cir. 2009) ("Counsel is not accountable for unknown future changes in the law."). Before *Rehaif*, every court of appeals, that had considered the issue had concluded that knowledge of prohibited status was not required for a conviction under section 922(g). *See Beck v. United States*, Case No. 1:20 CV 67 SNLJ, 2020 WL 5942578, at *15 (E.D. Mo. Oct. 7, 2020) (collecting cases).

9

There is no basis to find that trial counsel was ineffective for failing to anticipate an argument that was successful three years later.

In this case, counsel did advocate for a change in the law that was ultimately adopted by the Supreme Court in *Borden*. That sentencing issue highlighted at length by counsel contributed to the Court substantially reducing Stewart's sentence by 60 months, a reduction that would no longer be possible if requested today. Given Stewart's extensive felony record and the undisputed evidence of the prison time he previously served, the Court can find no resulting prejudice from counsel's failure to also make a *Rehaif*-type argument. Ground 2 of Stewart's § 2255 motion is denied.

Finally, I will not issue a certificate of appealability because Stewart has not made a substantial showing of the denial of a federal constitutional right. *Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997).

Accordingly,

**IT IS HEREBY ORDERED** that Reuben Stewart's motion to vacate, correct, or set aside his sentence, [1] is **DENIED**.

**IT IS FURTHER ORDERED** that the motion to hold 2255 petition in abeyance [15] is denied as moot.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

A separate Judgment in accordance with this Memorandum and Order is issued this same date.

                                               CATHERINE D. PERRY
                                               UNITED STATES DISTRICT JUDGE

Dated this 20th day of April, 2022.